UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS D. PELLECCHIA, | Civil Action |
| Plaintiff, | No. 22-4707 (CPO) (MJS) |
| v. | |
| COUNTY OF BURLINGTON, et al., | OPINION |
| Defendants. | |

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint, raising claims pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court attempted to screen the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Court finds that Plaintiff must address various deficiencies within the Complaint before the Court can complete its screening process. The Court will therefore dismiss the Complaint without prejudice and direct Plaintiff to submit a proposed amended complaint that addresses the issues discussed below.

**A. Standard of Review**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### B. Request to Proceed as a Class Action

As a preliminary matter, Plaintiff seeks to proceed with the Complaint as a class action. Under Federal Rule of Civil Procedure 23(a)(4), a plaintiff can only maintain a class action if the

class representative "will fairly and adequately protect the interests of the class." *Hennessey v. Atl. Cty. Dep't of Pub. Safety*, No. 06-143, 2006 WL 2711510, at *4 (D.N.J. Sept. 18, 2006). "When confronting a request for class certification from a *pro se* litigant, however, courts have found that *pro se* plaintiffs generally cannot represent and protect the interests of the class fairly and adequately." *Id*. (citing *Cahn v. U.S.*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003)).

Here, Plaintiff is a *pro se* prisoner without formal training in the law. Thus, Plaintiff would not be able to represent the interests of the class and maintain this suit as a class action. *Id.* (citing *Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education)). Accordingly, the Court will deny Plaintiff's request to proceed as a class action. When preparing his proposed amended complaint, Plaintiff must remove any class allegations.

**C. Group Pleading**

Next, the Court finds that Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires a complaint to be simple, concise, direct, and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The primary flaw in the Complaint is that it often alleges that some or all of the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. (ECF No. 1, at 16–18.) Alternatively, the Complaint often contends that an unspecified individual or individuals committed a wrong, and then argues that some or all of the Defendants were somehow responsible. (*Id*. at 5–16, 16–18.) These types of allegations are known as improper group pleading. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to state a claim. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2

3

(D.N.J. June 29, 2015).  A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.*  When a plaintiff names a number of defendants in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct."  *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original).  A complaint that contains "impermissibly vague group pleading" is subject to dismissal.  *Id.*

In the present case, in each of its fifteen counts, Plaintiff's Complaint alleges that some or all of the Defendants are liable due to "paragraphs 26 through 73," which constitute nearly all of the factual allegations in the Complaint. (ECF No. 1, at 16–18.)  As a result, Defendants would be unable to determine which paragraphs apply to any specific defendant. (*Id.* at 5–16.)  Of course, the paragraphs that contain names are attributable, but many do not identify the defendant at issue. (*Id.*)  Further, Plaintiff could easily believe, without clearly stating, that Defendants other than the named Defendant(s), are liable for the conduct in a particular paragraph.  Consequently, Defendants would be unable to reliably decipher the true scope of Plaintiff's claims against any individual defendant.

Accordingly, Plaintiff's Complaint fails to comply with Rule 8 as it fails to simply or directly allege what Plaintiff's claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims. Fed. R. Civ. P. 8.  In other words, the Complaint  "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.  Accordingly, the Court will dismiss without prejudice Plaintiff's Complaint for failure to comply with Rule 8.

Additionally, Plaintiff may not have been aware, but each of his fifteen claims is a separate cause of action that requires him to allege different facts to state a claim. Plaintiff cannot rely *solely on legal conclusions*; the Complaint must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Plaintiff cannot simply allege that a defendant committed a dozen wrongs, *without explaining the factual circumstances underlying each claim*, *i.e.*, the who, what, when, where, and how, of each claim and as to each defendant.

For all those reasons, the Court will give Plaintiff an opportunity to submit a proposed amended complaint that cures the deficiencies discussed above. In particular, Plaintiff *must* include a separate section for each individual Defendant, detailing the specific factual allegations and legal claims against that individual Defendant only. He must do this for each Defendant. In those individualized sections, he must also separate each legal claim and explain how that particular Defendant committed that alleged legal wrong. For example:

1. Defendant John Doe #1
    a. All factual allegations as to only John Doe #1.
    b. First legal allegation as to only John Doe #1.
    c. Second legal allegation as to only John Doe #1.
    d. Etc.
2. Defendant John Doe #2
    a. All factual allegations as to only John Doe #2.

      b. First legal allegation as to only John Doe #2.

      c. Second legal allegation as to only John Doe #2.

      d. Etc.

Additionally, Plaintiff must ensure that his proposed amended complaint does not contain group pleading allegations. If Plaintiff continues to include group pleading allegations, the Court will dismiss those allegations. Finally, the Court reminds Plaintiff that he cannot rely solely on legal conclusions; complaints must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210. Plaintiff cannot allege that a defendant committed a particular wrong without adequately explaining the factual circumstances underlying each claim.

### D. Conclusion

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's Complaint for failure to comply with Rule 8. Additionally, the Court will deny Plaintiff's request to proceed as a class action. Finally, the Court will deny as moot Plaintiff's various requests for injunctive relief. (ECF No. 1, at 18–19.) Plaintiff shall have thirty days to file a proposed amended complaint in accordance with this Opinion. An appropriate Order follows.

Dated: December 13, 2022

                                                /s/ Christine P. O'Hearn
                                                **Christine P. O'Hearn**
                                                **United States District Judge**